## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | Case No. BK09-41505 |
| | ) | |
| ARTHUR HENRY HYSELL, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Adv. Proc. No. _____ |
| | ) | |
| FARM CREDIT SERVICES OF AMERICA, PCA | ) | COMPLAINT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ARTHUR HENRY HYSELL, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW the Plaintiff, and for its Complaint to determine the dischargeability of debt owing to Farm Credit Services of America, PCA, states and alleges as follows:

**COMMON ALLEGATIONS**

1. This adversary proceeding arises out of the Chapter 7 bankruptcy case of Arthur Henry Hysell.

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 157, 1334 and 1409.

3. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2).

4. Plaintiff Farm Credit Services of America, PCA ("Farm Credit") is a corporation organized and existing under the laws of the United States of America, and is engaged in the business of financing. Farm Credit maintains its principal office in Omaha, Douglas County, Nebraska.

5. Defendant Arthur Henry Hysell is an individual residing in Holt County, Nebraska.

6. Defendant Arthur Henry Hysell is indebted to Farm Credit under a promissory note dated June 5, 2006 in the original principal amount of $30,000.00, which has an unpaid principal balance of $29,991.64 as of September 9, 2009 together with accrued and unpaid interest of $2,039.01 and interest accrues from and after September 9, 2009 at the rate of $3.957228 per day.

7. Plaintiff has a special ownership interest under a perfected Security Agreement dated June 5, 2006 in all deposit accounts, contract rights, general intangibles, chattel paper, documents, instruments, money, and other rights to payment from any and all sources including, but not limited to, all federal and state government farm program subsidy payments; all crops now growing or hereafter planted or grown, whether harvested, unharvested or stored; all products of crops; and all seed fertilizer, chemicals, and supplies used or produced in connection with any crop; all livestock, issue, products and produce thereof; all feed, hay, grain, medicines, and supplies used or produced in connection therewith; and all contracts, leases, licences, permits, and privileges for water, pasture, or grazing purposes; all feed and grain from whatever source, stored, used or to be used, whether grown, purchased, or otherwise acquired; all equipment, machinery, non-titled motor vehicles, tools, tanks, and removable structures used or useful in farming or ranching operations, all fuel, parts, accessories, and improvements thereto or therefor; all inventory owned by or consigned to debtor of whatever nature; but the only collateral actually left and not secured by secured liens is the equipment; hereinafter "subject property."

**FIRST CAUSE OF ACTION:**
**FALSE FINANCIAL STATEMENT**

8. Farm Credit incorporates the allegations set forth in paragraphs 1-7 of this Complaint as if fully set forth herein.

9. Defendant Arthur Henry Hysell executed and delivered to Farm Credit financial statements and tax schedules which purported to set forth the true and accurate statement of his assets and liabilities.

10. The financial statements and tax schedules are materially false.

11. Farm Credit reasonably relied on the financial statements and tax schedules in connection with the extension of credit to Hysell.

12. Hysell caused the financial statements and tax schedules to be made or published with the intent to deceive Farm Credit, as they represented equipment to be owned by him which he now admits was his son's.

13. In reliance upon the financial statements and tax schedules, Farm Credit did extend credit to Hysell and is damaged due to lack of adequate collateral if such equipment now alleged to be his son's is indeed not Hysell's property.

14. Defendant's indebtedness to Farm Credit is not dischargeable pursuant to §523(a)(2)(B) of the Bankruptcy Code.

## SECOND CAUSE OF ACTION:
## EXTENSION OF CREDIT OBTAINED BY FALSE PRETENSES, A FALSE REPRESENTATION OR ACTUAL FRAUD

15. Farm Credit incorporates the allegations set forth in paragraphs 1-14 of this Complaint as if fully set forth herein.

16. Hysell orally represented to Farm Credit that he owned equipment which now he denies owning to induce Farm Credit to extend or continue financing to him.

17. Hysell at the time knew the representations were falsely and he made them deliberately and intentionally with the intention and purpose of deceiving Farm Credit.

18. Farm Credit justifiably relied on the representations as the equipment was located on Hysell's land and is not the type to be titled.

19. Farm Credit was damaged as the loss of such equipment as collateral, due to Hysell's false statements, have caused Farm Credit to be under secured.

20. Defendant's indebtedness to Farm Credit is not dischargeable pursuant to §523(a)(2)(A) of the Bankruptcy Code.

### THIRD CAUSE OF ACTION:
### WILLFUL AND MALICIOUS INJURY
### BY THE DEBTOR

21. Farm Credit incorporates the allegations set forth in paragraphs 1-20 of this Complaint as if fully set forth herein.

22. Hysell has willfully and maliciously converted equipment that was pledged to Farm Credit.

23. Hysell has failed to account for the proceeds of the equipment pledged to Farm Credit.

24. The equipment was pledged to secure the debts owed to Farm Credit.

25. Defendant's guaranty of the indebtedness to Farm Credit is not dischargeable pursuant to §523(a)(6) of the Bankruptcy Code.

WHEREFORE, Farm Credit respectfully requests that the Court enter an Order determining the dischargeability of the debts alleged herein and denying the debtor's discharge.

FARM CREDIT SERVICES OF AMERICA, PCA

By:   /s/ Jim R. Titus
Jim R. Titus, #16064
Morris & Titus Law Firm, PC, LLO
4645 Normal Blvd., Suite 272
Lincoln, NE 68506
(402) 434-5200 - phone
(402) 434-5209 - fax

jtitus@morristituslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2009, I served a true and correct copy of this Complaint and this Certificate of Service by electronic notice to the parties receiving such service.

By:   /s/ Jim R. Titus